[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 2, 2006
THOMAS K. KAHN
CLERK

No. 05-14575
Non-Argument Calendar
_____

D. C. Docket No. 04-00238-CR-T-17TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARINO RODALLEGA ARBOLEDA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 2, 2006)**

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

Marino Rodallega Arboleda pled guilty to conspiracy to possess with intent

to distribute and possession with intent to distribute five or more kilograms of cocaine onboard a vessel subject to United States jurisdiction, in violation of 46 U.S.C. app. § 1903(a), (g), and (j); 21 U.S.C. § 960(b)(1)(B)(ii); and 18 U.S.C. § 2. The district court sentenced him to two terms of 135 months' imprisonment to run concurrently, a $200 special assessment, and two five year terms of supervised release, also to run concurrently. Arboleda appeals this sentence as well as his conviction for conspiracy.

Arboleda argues that we should merge his conspiracy conviction with his conviction for the target crime. Because Arboleda failed to raise this issue in the district court, we review his claim only for plain error. *United States v. White*, 416 F.3d 1313, 1316 (11th Cir. 2005) (per curiam).

The Supreme Court has stated that "the conspiracy to commit an offense and the subsequent commission of that crime normally do not merge into a single punishable act. Thus, it is well recognized that in most cases separate sentences can be imposed for the conspiracy to do an act and for the subsequent accomplishment of that end." *Iannelli v. United States*, 420 U.S. 770, 777-78, 95 S. Ct. 1284, 1290, 43 L. Ed. 2d 616 (1975) (internal citations omitted). Additionally, we have held that convictions for possession of marijuana with intent to distribute and conspiracy to commit the target offense do not merge. *United*

2

*States v. Vasquez*, 534 F.2d 1142, 1147 n.2 (5th Cir. 1976).[1]  Therefore, the district court did not plainly err by not merging Arboleda's convictions.

Arboleda next argues that his role was equivalent to a person who offloads a single drug shipment, and, therefore the district court should have granted him a minor-role reduction.  Arboleda argues that he was one of the least culpable members of the conspiracy because he did not: (1) finance the transport or purchase of the cocaine; (2) communicate with the cocaine's recipient; (3) take custody of the cocaine by himself; (4) expect to receive payment for the drugs; or (5) captain or navigate the vessel.  Arboleda further argues that the amount of drugs is not dispositive because the large amount indicates a vast conspiracy of which he was only a minor participant.

We review the district court's determination of whether a defendant qualifies for a minor-role reduction for clear error.  *United States v. Boyd*, 291 F.3d 1274, 1277 (11th Cir. 2002).  The reduction's proponent always bears the burden of proving entitlement to the reduction by a preponderance of the evidence.  *United States v. De Varon*, 175 F.3d 930, 939 (11th Cir. 1999) (en banc).  The Sentencing Guidelines permit a court to decrease a defendant's offense level by two points if it

---

[1]We held in *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) that decisions the Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit.

finds that the defendant was a "minor participant" in the criminal activity. U.S.

Sentencing Guidelines Manual § 3B1.2(b). A defendant is a minor participant if he

is "less culpable than most other participants, but [his] role could not be described

as minimal." U.S. Sentencing Guidelines Manual § 3B1.2, cmt. n.5.

In determining whether a mitigating-role reduction is warranted, a district

court's decision "should be informed by two principles discerned from the

Guidelines: first, the defendant's role in the relevant conduct for which [he] has

been held accountable at sentencing, and, second, [his] role as compared to that of

other participants in [his] relevant conduct." *De Varon*, 175 F.3d at 940. In

looking to relevant conduct, "the district court must assess whether the defendant is

a minor or minimal participant in relation to the relevant conduct attributed to the

defendant in calculating [his] base offense level." *Id.* at 941. In comparing a

defendant's conduct to that of other participants, "the district court should look to

other participants only to the extent that they are identifiable or discernable from

the evidence." *Id.* at 944. In drug-courier cases, the amount of drugs is relevant in

determining minor-role adjustments. *Id.* at 943.

The 3,731 kilograms of cocaine found on the vessel weighs heavily against

concluding that Arboleda played a minor role. *See id*. at 943. Other considerations

mitigate against concluding that Arboleda played a minor role, including that:

4

(1) Arboleda was one of only eight crew members onboard the vessel when the Coast Guard found it; and (2) Arboleda knew that the vessel was transporting cocaine and participated actively in either preparing the hidden compartment or loading the cocaine. Therefore, the district court did not clearly err in failing to give a minor role reduction.

Arboleda next argues that the district court committed statutory *Booker*[2] error in sentencing him under a mandatory guidelines scheme. Although the district court noted that the guidelines were advisory, Arboleda contends that the district court's comment regarding its displeasure in keeping him in jail and its elevation of the guidelines over the other 18 U.S.C. § 3553(a) factors indicates that the district court considered the guidelines mandatory. Arboleda also argues that the district court committed constitutional *Booker* error by holding him responsible for 3,731 kilograms of cocaine, when he only pled guilty to five kilograms, and by finding, as a factual matter, that he did not qualify for a minor-role reduction. Finally, Arboleda argues that his sentence is unreasonable. Specifically, Arboleda argues that his sentence is greater than necessary because of: (1) his limited role as a crew member; (2) his personal and criminal history; and (3) the "decreased need for deterrence in this case." Arboleda contends that, because of his limited role, he

---

[2]*United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

was unable to assist the government sufficiently in order to qualify for a reduction yet was not granted a minor-role reduction.

Because Arboleda sufficiently raised his *Booker* objection before the district court, we review the constitutional issue de novo, but will reverse only for a harmful error. *See United States v. Munoz*, 430 F.3d 1357, 1373-74 (11th Cir. 2005); *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005) (per curiam). We have held that, post-*Booker*, "the district court remains obliged to *consult* and *take into account* the Guidelines in sentencing,. . . [and] [t]his consultation requirement, at a minimum, obliges the district court to calculate *correctly* the sentencing range prescribed by the Guidelines." *United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005) (emphasis in original) (internal citations and quotations omitted). We have also held, post-*Booker*, that a district court may continue to determine drug quantity based on a preponderance of the evidence, so long as it considers the guidelines as advisory. *See, e.g., United States v. Rodriguez*, 398 F.3d 1291, 1296-97 (11th Cir.), *cert. denied*, 125 S. Ct. 2935, 162 L. Ed. 2d 866 (2005); *United States v. Chau*, 426 F.3d 1318, 1323-24 (11th Cir. 2005). The district court, in determining a reasonable sentence, is required to take into account the advisory guidelines range and the § 3553(a) sentencing factors. *See Booker*, 543 U.S. at 259-60, 125 S. Ct. at 764-65.

6

As discussed above, the district court correctly calculated the guideline range and did not err in denying Arboleda a minor-role reduction. Additionally, the district court noted specifically that it considered the guidelines advisory and was sentencing Arboleda in accordance with *Booker*. Further, because the guidelines were applied as advisory, the district court did not err in determining that Arboleda was responsible for 3,731 kilograms of cocaine. *Rodriguez*, 398 F.3d at 1297. Accordingly, there was neither constitutional nor statutory *Booker* error. *See United States v. Shelton*, 400 F.3d 1325, 1330-31 (11th Cir. 2005). Finally, Arboleda's sentence was reasonable, as the district court correctly calculated the guidelines, took the § 3553(a) factors into account, and determined that the sentence was adequate.[3] *See United States v. Scott*, 426 F.3d 1324, 1329-30 (11th Cir. 2005).

Upon review of the record, and consideration of the briefs of the parties, we find no reversible error.

**AFFIRMED.**

---

[3]Despite the government's argument to the contrary, we have jurisdiction to hear Arboleda's reasonableness claim under 18 U.S.C. § 3742(a)(1). *United States v. Martinez*, 434 F.3d 1318, 1322 (11th Cir. 2006) (per curiam).